UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS WRIGHT, | |
| Plaintiff, | CIVIL ACTION NO. 3:23-cv-00597 |
| v. | (SAPORITO, J.) |
| | (ARBUCKLE, M.J.) |
| ELITE REVENUE SOLUTIONS, LLC, et al., | |
| Defendants. | |

## MEMORANDUM

This matter comes before the court on *three* recently filed *pro se* motions for a temporary restraining order or preliminary injunctive relief. Doc. 27; Doc. 31; Doc. 34.

This action was originally commenced by the plaintiff, Thomas Wright, when he lodged his original *pro se* complaint with the clerk for filing on April 7, 2023. Doc. 1. The original complaint was accompanied by a motion for leave to proceed *in forma pauperis* and a motion for a temporary restraining order or preliminary injunctive relief. Doc. 2; Doc. 3. After the court denied the plaintiff leave to proceed *in forma pauperis* in this action, having found that he had adequate resources to pay the requisite filing fee, Thomas Wright paid the fee and the original

complaint was deemed filed on December 8, 2023. Doc. 8; Doc. 9. The court also denied the plaintiff's first *pro se* motion for a temporary restraining order or preliminary injunctive relief. Doc. 6.

The original complaint appeared to invoke this court's diversity jurisdiction, alleging that Thomas Wright was a citizen and resident of North Carolina, and alleging that the several defendants were citizens of Pennsylvania. Based on various state-law procedural deficiencies, the plaintiff sought to enjoin a scheduled sheriff's sale of real property in Luzerne County, Pennsylvania, or, in the alternative, he sought an award of damages. The property at issue consisted of two adjacent parcels of land that together comprised a 150-acre family farm allegedly devised to Thomas Wright and his non-party brother, Adolph Richard Ott Wright, as tenants in common upon the death of their father, William T. Wright.[1]

---

[1] We note that Adolph Wright is not named as a party to this action. His inclusion as a party would have destroyed diversity jurisdiction, as he apparently resides on the farm, making him a domiciliary and citizen of Pennsylvania. *See generally Wright v. Vangorder*, No. 3:21-cv-00187, 2021 WL 11442814, at *4–6 (M.D. Pa. Apr. 14, 2021) (finding that Adolph Wright was a domiciliary and citizen of Pennsylvania for diversity jurisdiction purposes), *R. & R. adopted*, 2021 WL 11431937 (M.D. Pa. June 22, 2021). For what it is worth, Adolph Wright has separately pursued his own efforts to litigate the sheriff's sale and other claims concerning the property in both state and federal courts, with little

*(continued on next page)*

Based on public records, the family farm appears originally to have been a single 150-acre parcel situated in Conyngham Township, Luzerne County, Pennsylvania, to which the county had assigned a property index number ("PIN") of 09-N5-00A-008-000. In October 1983, it appears to have been conveyed from William Wright to Adolph Wright and the

---

success. *See Wright v. Elite Revenue Sols., LLC*, No. 3:22-CV-02079, 2023 WL 3325179 (M.D. Pa. May 9, 2023) (finding that Adolph Wright's original complaint had failed to state a claim and directing him to file an amended complaint); *Wright v. Elite Revenue Sols., LLC*, No. 3:22-CV-02079, 2024 WL 327231 (M.D. Pa. Jan. 29, 2024) (finding that Adolph Wright's amended complaint had failed to state a claim and directing him to file a second amended complaint); *Wright v. Elite Revenue Sols., LLC*, No. 3:22-CV-02079, 2024 WL 1548717 (M.D. Pa. Mar. 11, 2024) (recommending dismissal of Adolph Wright's second amended complaint for failure to state a claim), *R. & R. adopted*, 2024 WL 1533664 (M.D. Pa. Apr. 9, 2024); *Keller v. Wright*, No. 3:22-CV-01921, 2023 WL 4356076 (M.D. Pa. May 16, 2023) (recommending remand to state court of foreclosure action removed by Adolph Wright), *R. & R. adopted*, 2023 WL 4353701 (M.D. Pa. July 5, 2023); *Upset Tax Sale Luzerne Cnty. Tax Claim Bureau v. Wright*, No. 454 C.D. 2023, 2024 WL 4684344 (Pa. Commw. Ct. Nov. 6, 2024) (per curiam) (quashing appeal from non-appealable interlocutory orders entered by a state trial court with respect to an upset tax sale to dispose of the Wright family farm). These several court decisions do not address the ownership interest of Thomas Wright *at all*. For the sake of clarity, we further note that the 2022 upset tax sale giving rise to the Commonwealth Court decision was an entirely different proceeding from the 2023 sheriff's sale giving rise to this case, stemming instead from state-court mortgage foreclosure proceedings, which were briefly removed to this court by Adolph Wright before being remanded.

unnamed beneficiary of a trust, presumably Thomas Wright,[2] as tenants in common.[3] In July 1992, the 150-acre parcel was subdivided, carving out a smaller 2.53-acre parcel, thereafter known as "Lot 3" of the "Coleman/Wright Subdivision," which included a dwelling known as 343 Cemetery Road, Wapwallopen, PA 18660, and a deed was recorded conveying fee-simple ownership of Lot 3 to Adolph Wright.[4] The county assigned a PIN of 09-N5-00A-08A-000 to Lot 3, and the remaining 147-acre parcel continued to be referenced as PIN 09-N5-00A-008-000. In March 2015, a deed was recorded conveying legal title in the larger parcel from Adolph Wright and the aforementioned trust[5] as tenants in common

---

[2] The county property record names Adolph Wright, individually, and two co-trustees—Jean Coleman and Adolph Wright—as grantees.

[3] *See* Luzerne Cnty. (Pa.) Recorder of Deeds, LANDEX Webstore, https://www.landex.com/webstore (choose "search" from top menu, select "Luzerne" from counties menu, and search for "Instrument No. 305660" or "Book 2112, Page 287") (deed recorded Oct. 7, 1983) (last visited Nov. 26, 2024). A district court may take judicial notice of publicly recorded property records such as this. *See generally* Fed. R. Evid. 201; *Gagliardi v. Kratzenberg*, 188 Fed. App'x 86, 88 n.3 (3d Cir. 2006) (per curiam) (taking judicial notice of publicly recorded deeds reflecting property ownership); *Hynoski v. Columbia Cnty. Redevelopment Auth.*, 941 F. Supp. 2d 547, 556 (M.D. Pa. 2013) (taking judicial notice of publicly recorded real estate transfer records).

[4] *See* LANDEX Webstore ("Instrument No. 2927095" or "Book 2427, Page 466") (deed recorded July 30, 1992).

[5] In conveying the trust's interest, the county property records indicate that Adolph Wright did so as surviving co-trustee.

to Adolph Wright and Thomas Wright as tenants in common.[6] In subsequent years, Adolph Wright appears to have conveyed his interest in both parcels to one or both of two trust entities, the Adolph R.O. Wright-El Trust and the Tamazight Temple University & Trust, as to both of which Adolph Wright is apparently the trust beneficiary.[7]

At the time when the original complaint was filed in this federal civil action on April 7, 2023, the sheriff's sale was scheduled to take place one week later on April 14, 2023. In light of objections filed in state court by Adolph Wright, the sheriff's sale was apparently postponed. Ultimately, however, the sheriff's sale was conducted on December 1, 2023.[8] Adolph Wright's interest in both parcels was purchased at the

---

[6] *See* LANDEX Webstore ("Instrument No. 201512079" or "Book 3015, Page 44545") (deed recorded Mar. 12, 2015).

[7] *See* LANDEX Webstore ("Instrument No. 201517997" or "Book 3015, Page 65565") (deed recorded Apr. 16, 2015); *id.* ("Instrument No. 201756460" or "Book 3017, Page 197807") (deed recorded Oct. 2, 2017); *id.* ("Instrument 201840357" or "Book 3018, Page 140064") (deed recorded July 27, 2018).

[8] *See* Luzerne Cnty. (Pa.) Sheriff's Dep't, Notice of Sheriff's Sale, No. 5055/2022 (Dec. 1, 2023), http://sheriffsale.luzernecounty.org/Sheriff.Salelisting/PropertySales/Poster/643157 (last visited Nov. 26, 2024). *See generally* Fed. R. Evid. 201; *Kan v. Verdera Cmty. Ass'n*, No. 2:22-cv-00348, 2024 WL 3861762, at *1 n.1 (E.D. Cal. Aug. 19, 2024) (taking judicial notice of publicly available notice of sheriff's sale of real property); *Johnson v. Purzycki*, No. 17-1225, 2017 WL 5957106, at *1 (D.

*(continued on next page)*

sheriff's sale by David Keller.[9] On January 22, 2024, a sheriff's deed was

---

Del. Dec. 1, 2017) (taking judicial notice that real property was sold at a sheriff sale on a particular date).

[9] Keller is a named defendant in this action, but he has not entered an appearance and the record reflects no proof of service on him. On March 27, 2024, the plaintiff filed a certificate indicating that, on March 20, 2024, he had mailed a copy of the original complaint to Keller and hand delivered a copy of the original complaint to an attorney who had previously represented Keller in other litigation. Neither of these attempts constitute effective service of original process. *See United States v. $184,505.01 in U.S. Currency*, 72 F.3d 1160, 1164 (3d Cir. 1995) (holding that service of civil summons and complaint on defendant's criminal defense counsel, who had not entered an appearance as counsel of record for the defendant in the civil action, did not constitute effective service of original process); *Nanyonga v. I.N.S.*, 200 F.R.D. 503, 505 (M.D. Pa. 2001) ("Unless an individual defendant waives service under Rule 4(d)(2), service cannot be by mail. And while Rule 4(e)(1) allows service under the rules of the state where the district court is located, Pennsylvania does not allow service by mail upon individuals either.") (citation omitted); *Staudte v. Abrahams*, 172 F.R.D. 155, 155 (E.D. Pa. 1997) ("Except where a waiver has been obtained, the Federal Rules of Civil Procedure do not provide for service of original process by mail, including certified mail."); *In re Kouterick*, 161 B.R. 755, 759 (Bankr. D.N.J. 1993) ("[O]ne cannot serve initial process on an attorney for a party unless the attorney agrees to accept service after authorization from the party. Moreover, it doesn't necessarily follow that because an attorney has represented a client in one case, they will automatically be representing the client in subsequent cases regarding the same issues."). These particular efforts, however, might be adequate to satisfy the more relaxed notice requirement of Rule 65, provided Keller has received actual notice of the plaintiff's motions for interim injunctive relief. *See* Fed. R. Civ. P. 65(d)(2) ("The [preliminary injunctive] order binds only [the parties and certain related persons] who receive actual notice of it by personal service or *otherwise* . . . .") (emphasis added); *see also Corrigan Dispatch Co. v. Casa Guzman, S.A.*, 569 F.2d 300, 302 (5th Cir.

(continued on next page)

recorded conveying legal title for Adolph Wright's interest in both parcels to Keller.[10] The next day, January 23, 2024, Keller commenced an action in ejectment against Adolph Wright, seeking to dispossess him of the property to which Keller had acquired legal title at the sheriff's sale.[11] Notably, the sheriff's deed does not appear to indicate any conveyance of Thomas Wright's interest as tenant in common with respect to the larger, 147-acre parcel, and Thomas Wright is not named as a defendant to the action in ejectment brought by Keller.

Meanwhile, in this case, the court entered an order giving notice to Thomas Wright that, pursuant Fed. R. Civ. P. 4(m), this action would be dismissed for failure to perfect service of process if he did not file proof of

---

1978) (per curiam) ("Rule 65(a) does not require service of process. The Rule does require notice prior to issuance of the order in question."); *Salita Promotions Corp. v. Ergashev*, 500 F. Supp. 3d 648, 652 (E.D. Mich. 2020) ("The notice required by Rule 65 is not equivalent to formal service of process.").

[10] *See* LANDEX Webstore ("Instrument No. 202403340" or "Book 3024, Page 11460") (sheriff's deed recorded Jan. 22, 2024).

[11] *See Keller v. Wright*, No. 2024-00660 (Luzerne Cnty. (Pa.) Ct. Com. Pl. filed Jan. 23, 2024); *see also* Doc. 27, at 4–5 (copy of docket sheet). A district court, of course, may properly take judicial notice of state and federal court records. *See* Fed. R. Evid. 201; *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007); *Ernst v. Child & Youth Servs. of Chester Cnty.*, 108 F.3d 486, 498–99 (3d Cir. 1997); *Pennsylvania v. Brown*, 373 F.2d 771, 778 (3d Cir. 1967).

service on or before March 22, 2024. Doc. 10. On March 20, 2024, Thomas Wright filed his amended complaint, the currently operative pleading in this matter, as a matter of course. Doc. 11; *see also* Fed. R. Civ. P. 15(a)(1). In his amended complaint, Thomas Wright now appeared to invoke this court's federal question jurisdiction, asserting poorly articulated civil rights claims under 42 U.S.C. § 1983 and the First, Fourth, Fifth, and Fourteenth Amendments.[12] For relief, the amended complaint sought an award of damages only. On April 1, 2024, a summons was issued to the plaintiff for service of the amended complaint on each of the named defendants. Doc. 16.

On August 13, 2024, this court entered an order giving notice to Thomas Wright that, pursuant Fed. R. Civ. P. 4(m), this action would be dismissed for failure to perfect service of process if he did not file proof of service of the amended complaint on or before September 3, 2024. Doc. 19. On September 3, 2024, the plaintiff filed proof of service with respect to three of the seventeen named defendants: (1) Samuel Falcone Jr., Esq.; (2) the Luzerne County Tax Claim Bureau; and (3) Elite Revenue

---

[12] The plaintiff appears to be asserting due process and equal protection claims under the Fourteenth Amendment. It is not entirely clear how the other constitutional amendments are implicated.

Solutions, LLC. Doc. 20; Doc. 21; Doc. 22.[13]

On September 23, 2024, several Luzerne County government defendants spontaneously entered their appearances through counsel and moved to dismiss the amended complaint for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6). Doc. 24; *see also* Doc. 25. That motion remains pending before this court.[14]

In recent weeks, however, the plaintiff has filed a series of three *pro se* motions for a temporary restraining order or preliminary injunctive relief. Doc. 27; Doc. 31; Doc. 34. All three motions seek the same relief: A temporary restraining order or preliminary injunction forbidding David Keller, or any other defendant, from evicting Adolph Wright from his longtime residence—the property to which Keller had recently acquired legal title through a sheriff's sale and deed. The urgency of these motions

---

[13] The plaintiff also filed proof of service of the summons and amended complaint on a non-party individual: Gregory S. Skibitsky, Esq. Doc. 23. Although Skibitsky had been a named defendant in the original complaint, he was omitted as a named defendant in the amended complaint. As a consequence, he was terminated as a party-defendant. Skibitsky has, however, entered his appearance as counsel of record for several named defendants who are county government officials.

[14] The plaintiff has not yet filed a brief in opposition to the motion to dismiss. He was recently granted an extension of time to do so. Doc. 36.

appears to stem from an August 19, 2024, decision by the state trial court granting judgment in favor of Keller in the action in ejectment he had brought against Adolph Wright,[15] and a writ of possession subsequently issued in favor of Keller by the prothonotary on August 21, 2024.[16]

    Preliminary injunctive relief is extraordinary in nature and should issue only in limited circumstances. *See Am. Tel. & Tel. Co. v. Winback & Conserve Program, Inc.*, 42 F.3d 1421, 1426–27 (3d Cir. 1994). Moreover, issuance of such relief is at the discretion of the trial judge. *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Chamberlain*, 145 F. Supp. 2d 621, 625 (M.D. Pa. 2001). In determining whether to grant a motion seeking preliminary injunctive relief, courts in the Third Circuit consider the following four factors: "(1) likelihood of success on the merits; (2) irreparable harm resulting from a denial of the relief; (3) the harm to the non-moving party if relief is granted; and (4) the public interest." *United States v. Bell*, 238 F. Supp. 2d 696, 699 (M.D. Pa. 2003); *see also Bieros v. Nicola*, 857 F. Supp. 445, 446 (E.D. Pa. 1994) ("The standards for a

---

[15] A copy of the state trial court's order granting judgment is attached to the plaintiff's first motion for a temporary restraining order or preliminary injunctive relief. *See* Doc. 27, at 9–10.

[16] A copy of the writ of possession is attached to the plaintiff's first motion as well. *See* Doc. 27, at 8.

temporary restraining order are the same as those for a preliminary injunction.").[17] It is the moving party who bears the burden of satisfying these factors. *Bell*, 238 F. Supp. 2d at 699. "Only if the movant produces evidence sufficient to convince the trial judge that *all four* factors favor preliminary relief should the injunction issue." *Opticians Ass'n of Am. v. Indep. Opticians of Am.*, 920 F. 2d 187, 192 (3d Cir. 1990) (emphasis added).

Although it involves the same real property and one of the same adverse parties, the state action in ejectment concerns the efforts of David Keller, holder of legal title to the land at issue, to evict the plaintiff's *brother*, Adolph Wright, possessor of that land.[18] Meanwhile,

---

[17] While the *pro se* motions seek both forms of interim injunctive relief, the distinctions between the two procedural vehicles is immaterial to this decision. *See generally Hope v. Warden York Cnty. Prison*, 956 F.3d 156, 160 (3d Cir. 2020) ("A preliminary injunction must be issued with notice to the adverse party. A TRO, in contrast, may be issued without notice where it is clearly shown that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition.") (internal quotation marks and brackets omitted); *Guidance Endodontics, LLC v. Dentsply Int'l, Inc.*, 633 F. Supp. 2d 1257, 1267 (D.N.M. 2008) ("The primary difference between a TRO and a preliminary injunction is that a TRO may issue without notice to the opposing party and that a TRO is of limited duration . . . .").

[18] As alluded to in our discussion of the factual background above, it appears that Keller has obtained fee-simple legal title to the 2.53-acre
*(continued on next page)*

this federal civil action concerns the efforts of Thomas Wright, who currently or formerly held a half-interest in legal title to some of that land (the larger 147-acre parcel), to secure an award of damages from David Keller and several other defendants for the allegedly unconstitutional alienation of his legal title to that land.[19] The conduct alleged in the operative complaint is solely concerned with the sheriff's sale at which Keller obtained legal title to the land, and it is clear from the facts alleged in the amended complaint, the plaintiffs' motion papers, and state court records of which we have taken judicial notice that he, Thomas Wright, is not a party to the action in ejectment, nor is he himself in occupation or possession of the land—the plaintiff has made clear that he continues to reside in North Carolina.

As the Third Circuit has held, "there must be a relationship between the injury claimed in the party's motion and the conduct

---

Lot 3 parcel, PIN 09-N5-00A-08A-000, where Adolph Wright continues to reside. It is not clear whether Keller claims fee-simple ownership or merely a half-interest in the larger 147-acre parcel surrounding Adolph Wright's homestead, PIN 09-N5-00A-008-000. Based on the public records discussed above, the latter would appear to be the case.

[19] As noted in our discussion of the factual background, Thomas Wright appears to have retained no ownership interest in the Lot 3 parcel where Adolph Wright actually resides.

asserted in the complaint." *Ball v. Famiglio*, 396 Fed. App'x 836, 837 (3d Cir. 2010) (per curiam) (internal quotation marks omitted). Thus, "a court may not grant an injunction when the issues raised in the motion are entirely different from those raised in the complaint." *Jones v. Taylor*, No. 3:12cv487, 2013 WL 1899852, at *2 (M.D. Pa. May 7, 2023) (citing *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220–23 (1945)); *see also Kaimowitz v. Orlando*, 122 F.3d 41, 43 (11th Cir. 1997) ("A district court should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit.") (citing *De Beers*, 325 U.S. at 220); *Dopp v. Jones*, No. CIV-12-703-HE, 2012 WL 7192503, at *1 (W.D. Okla. Sept. 19, 2012) ("A preliminary injunction involves intermediate relief of the same character as that which may be finally granted.") (citing *De Beers*, 325 U.S. at 220) (footnote omitted).

    The only relief sought in the plaintiff's amended complaint is an award of damages for past conduct that caused the allegedly unconstitutional alienation of his legal title to part of the erstwhile

Wright family farm.[20] Thus, in this action for damages, this federal district court has no equity power to restrain the defendant, holder of legal title to the land, from exercising his right to vindicate his ownership of that land in the state court ejectment suit. *See Grupo Mexicano de Desarrollo S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 333 (1999); *Novatek Corp. v. Mallet*, 324 F. Supp. 3d 560, 567 (E.D. Pa. 2018). Moreover, the plaintiff lacks standing to pursue any claim concerning the possessory rights of his *brother*, who has proven himself perfectly capable of litigating in his own interests.[21] *See Warth v. Seldin*, 422 U.S. 490, 499 (1975) ("[T]he plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties."); *Singleton v. Wulff*, 428 U.S. 106, 115–16 (1976) (considering "the ability of the third party to assert his own right"). This is particularly true with respect to Lot 3, as to which Thomas Wright has no apparent ownership claim at all.[22] Ultimately, "the court does not

---

[20] As we have noted, it is not at all clear from the record that Keller's foreclosure action has adversely affected Thomas Wright's half-interest in the larger 147-acre parcel. But even if it has, the only relief sought by the amended complaint is an award of damages.

[21] *See supra* note 1.

[22] In the context of Thomas Wright's half-interest in the larger 147-
*(continued on next page)*

have jurisdiction over the claims raised by [Thomas Wright] in his motion for an injunction because those matters are not part of this action." *Jones*, 2013 WL 1899852, at *2.

Accordingly, the plaintiff's three *pro se* motions for a temporary restraining order or preliminary injunctive relief (Doc. 27, Doc. 31, Doc. 34) will be denied.

An appropriate order follows.


Dated: December 2, 2024            *s/Joseph F. Saporito, Jr.*
                                   JOSEPH F. SAPORITO, JR.
                                   United States District Judge

---

acre parcel, we note that, even assuming Thomas Wright and Keller both hold legal title to that parcel as tenants in common, it is well settled that "[a] tenant in common is entitled to possession of the common property as against all the world save his cotenants" and "can maintain an action in ejectment to recover possession of his own interest in the common property." *Fry v. Stetson*, 106 A.2d 662, 665 (Pa. Super. Ct. 1954). Thus, even if Thomas Wright continues to hold a half-interest in legal title to the 147-acre parcel, as his tenant in common, Keller "has a right to possession which is superior to that of strangers to the title," including Adolph Wright. *See id.*